977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Monroe JONES, Plaintiff-Appellant,
v.
WHEELER, Officer, Defendant-Appellee.
 No. 91-16627.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 1, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jones, a California state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action. The district court had jurisdiction pursuant to 28 U.S.C. § 1331; we have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989), and we reverse and remand.
 
 
 3
 The district court dismissed Jones's complaint before issuing and serving process upon the defendants. We therefore construe the dismissal as one under 28 U.S.C. § 1915(d). Jackson, 885 F.2d at 640.
 
 
 4
 Under section 1915(d), a district court may dismiss frivolous in forma pauperis complaints sua sponte. 28 U.S.C. § 1915(d); Jackson, 885 F.2d at 640. A frivolous claim is one which lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Generally, unless it is absolutely clear that the deficiencies of a complaint cannot be cured by amendment, the district court must give a pro se litigant notice of the deficiencies of the complaint and an opportunity to amend before dismissal. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 5
 Jones alleges that on several occasions, Wheeler, a prison guard, woke him in the morning and ordered him to turn on his light and approach the door of his segregated cell to receive his breakfast, which Wheeler carried on a tray. When Jones arrived at the door, Wheeler turned and walked away laughing, taking the breakfast with her, and said to Jones, "You are assed out!"
 
 
 6
 In its order dismissing Jones's complaint with prejudice, the district court commented that Jones had "responded to his wake up call too slowly," and that "the defendant made such food available to plaintiff and removed plaintiff's breakfast tray only when plaintiff failed to respond to defendant's efforts to get him to get out of bed and turn his cell lights on." These conclusions are not supported by the record as it currently stands. Nowhere in his papers does Jones say that he failed to respond in a timely fashion to Wheeler's instructions. Indeed, Jones expressly contends that he responded to Wheeler's commands. Given the rule that in civil rights cases where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt, Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988), the district court's apparent advocacy on behalf of Wheeler is improper. As Jones correctly points out in his brief on appeal, such a response to Jones's claim is for the defendants, not the judge sua sponte, to make. Cf. Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992) ("the § 1915(d) frivolousness determination ... cannot serve as a factfinding process for the resolution of disputed facts").
 
 
 7
 The district court characterizes the harm to Jones as "de minimus," and concludes that missing breakfast on several occasions "hardly amounts to unnecessary and wanton infliction of pain." However, "[p]rison officials must provide all prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety," and to deprive prisoners in segregation of any of these violates the Eighth Amendment. Hoptowit v. Ray, 682 F.2d 1237, 1258 (9th Cir.1982). Jones's allegations of systematic deprivation of one-third of his allotted food is sufficient to state a claim under this standard.
 
 
 8
 Furthermore, Jones expressly alleges that Wheeler's taunting behavior amounted to maliciousness, or at least deliberate indifference, thus satisfying the subjective requirement under the Supreme Court's Eighth Amendment jurisprudence. See Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991). Perhaps Wheeler can present a valid justification for regularly denying Jones his breakfast, but no such reason appears on the face of Jones's complaint.
 
 
 9
 A pro se civil rights plaintiff with an arguable claim is entitled to issuance and service of process of the complaint. Jackson, 885 F.2d at 640, citing Neitzke, 490 U.S. at 329-30. If all of Jones's allegations are true, then he arguably has alleged a claim for cruel and unusual punishment under the Eighth Amendment. See Hoptowit, 682 F.2d at 1258. Because Jones's claim is not frivolous, the district court erred by failing to order issuance and service of process.
 
 
 10
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3